# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **THOMAS E PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SOLID DRYWALL, a Utah limited liability company; SOLID CONSTRUCTION GROUP, LLC, a Utah limited liability company; and FRANK LEBARON, an individual,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:16-cv-01025-DB-PMW<br><br>**District Judge Dee Benson**<br><br>**Chief Magistrate Judge Paul M. Warner** |

District Judge Dee Benson referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff Thomas E. Perez, Secretary of Labor's ("Plaintiff") Short Form Discovery Motion to Compel (the "Motion").[2] Plaintiff requested, and the court ordered, additional briefing on the Motion.[3] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 31.

[2] *See* docket no. 30.

[3] *See* docket no. 33.

## BACKGROUND

This case arises under the Fair Labor Standards Act ("FLSA"). Plaintiff asserts claims against Defendants Solid Drywall, LLC ("Solid Drywall"), Solid Construction Group, LLC ("Solid Construction"), and Frank Lebaron ("Mr. Lebaron") (collectively, "Defendants") for failure to comply with the FLSA, and seeks an injunction and monetary damages. On February 16, 2018, Plaintiff filed the Motion seeking an order (1) compelling Defendants to provide complete responses to Interrogatories 1, 2, 3, 8, 9, 10 and 11 of Plaintiff's first set of discovery requests; (2) deeming Plaintiff's Requests for Admission 1 through 10 to be admitted; (3) deeming any privileges asserted in Defendants' responses to Plaintiff's first set of discovery requests waived; and, (4) continuing fact discovery for forty-five (45) days after receipt of Defendants' complete responses to allow Plaintiff adequate time to prepare for depositions of Defendants' witnesses.[4] The court ordered additional briefing. In accordance with this order, Plaintiff filed a supporting memorandum on March 21, 2018.[5] Defendants filed a response memorandum on April 17, 2018.[6] Finally, Plaintiff filed a reply memorandum on April 27, 2018.[7]

## ANALYSIS

Before addressing the above-referenced requested relief, the court sets forth the following general legal standards governing discovery. Under Rule 26(b)(1), "[p]arties may obtain

---

[4] *See* docket no. 30 at 2.

[5] *See* docket no. 36.

[6] *See* docket no. 37.

[7] *See* docket no. 40.

discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

The court will address each of Plaintiff's requests for an order as set forth above. For the reasons that follow, the Motion is granted in part and denied in part.

## I. Responses to Interrogatories 1, 2, 3, 8, 9, 10 and 11

First, Plaintiff asserts that Defendants have not fully responded to Interrogatories 1 through 3, and 8 through 11, and seeks an order compelling Defendants to provide complete responses to those Interrogatories. Defendants assert that they have responded fully to each Interrogatory.

a. *Interrogatory 1*

In response to Interrogatory 1, Defendants identified the employee lists they provided to Plaintiff during their pre-litigation investigation. Plaintiffs argue that this response is insufficient because the employment lists identified do not provide all of the information requested in Interrogatory 1 (including job title, immediate supervisor, or rate of pay). Nor does Defendants' response clarify whether other individuals not listed in the identified documents, but listed in other pre-litigation documents, are employees. The court agrees with Plaintiff that Defendants' response to Interrogatory 1 is insufficient and incomplete. Accordingly, within thirty (30) days of

3

the date of this order, Defendants shall fully respond to Interrogatory 1, identifying all employees and listing all information requested therein.

    b. *Interrogatory 2*

In response to Interrogatory 2, Defendants stated only that "[t]he principals of Solid Construction and Solid Drywall have knowledge of the facts surrounding the affirmative defenses asserting in Defendants' Answer."[8] Plaintiffs argue that Defendants' response to Interrogatory 2 is incomplete because it fails to list the principal and material facts supporting their affirmative defenses, fails to identify the principals with knowledge of those facts or describe their particular knowledge, and fails to identify any documents relating to Defendants' affirmative defenses as requested in Interrogatory 2. Although Defendants stated in their response memorandum that they are "willing to provide additional responsive information . . . and are considering withdrawing some affirmative defenses,"[9] the Defendants have provided no evidence that they have done either. Therefore, with respect to Interrogatory 2, Plaintiff's Motion is granted. Defendants shall fully respond to Interrogatory 2, providing all information as requested in Interrogatory 2, within thirty (30) days of the date of this order.

    c. *Interrogatory 3*

Interrogatory 3 requests information regarding the documents and methodology used to create a spreadsheet of employee payroll information provided by Defendants during pre-litigation settlement negotiations (the "Spreadsheet").[10] Interrogatory 3 also requests that

---

[8] Docket no. 30-5 at 4.

[9] Docket no. 37 at 4.

[10] *See* docket no. 30-2 at 7.

Defendants "[i]dentify the individual(s) who have knowledge of the facts and/or methods *used to create*" the Spreadsheet and "[i]dentify the individuals who *assisted or participated in the creation*" of the Spreadsheet.[11] Interrogatory 3 also expressly requests an explanation of the methodology used to determine the amount in a specific column of the Spreadsheet.[12] Defendants argue that the Spreadsheet is subject to Rule 408 of the Federal Rules of Evidence ("Rule 408"), and is not relevant. They also argue that they do not intend to rely on the Spreadsheet for purposes of litigation.

Plaintiff does not dispute that the Spreadsheet is subject to Rule 408 "insofar as it would be used to establish that Defendants violated the minimum wage or overtime provisions of [the FLSA]" but argue that "the data underlying [the Spreadsheet] . . . are relevant to Defendants' claims that no violation . . . occurred and to Defendants' anticipated claims that Plaintiff's back wage computations are in error."[13]

Rule 408 provides that "conduct or a statement made during compromise negotiations" is not admissible "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction." F.R.E. 408. The court agrees with Plaintiff that the data underlying the Spreadsheet are discoverable. However, Interrogatory 3 does not merely request the underlying data. Interrogatory 3 requests identification of the documents and methodology used to create the Spreadsheet, and the identity of those who created and have knowledge about the creation of the Spreadsheet. The court agrees with the Defendants that the

---

[11] *Id.* (emphasis added).

[12] *See id.*

[13] Docket no. 40 at 7-8.

5

Spreadsheet is subject to Rule 408, and sustains Defendants' objection to this Interrogatory. Accordingly, Plaintiff's request for an order compelling Defendants to fully respond to Interrogatory 3 is denied. Plaintiff may seek the data underlying the spreadsheet (i.e. the identification of employees, the dates they worked, their rates of pay, and total amount of wages and other payments they received). However, the Spreadsheet, or information about the methodology used in its creation, may not form the basis for such requests.

    d. *Interrogatory 8*

Interrogatory 8 requests that if Defendants contend that Plaintiff's back wage computations are in error, that Defendants list the principal and material facts supporting that contention, identify the individual(s) with knowledge of such facts, and documents relating to this contention.[14] Defendants contend that this Interrogatory cannot be answered without expert testimony. The court agrees with Defendants that whether Plaintiff's calculations are in error is the subject of expert opinion and testimony. Accordingly, Plaintiff's request for an order compelling Defendants to answer Interrogatory 8 is denied.

    e. *Interrogatories 9, 10, and 11*

Interrogatories 9, 10, and 11 request that Defendants list the principal and material facts, identify the individuals with knowledge, and identify any documents relating to Defendants' contention that Defendants did not violate the minimum wage,[15] overtime,[16] and record-

---

[14] *See* docket no. 30-2 at 9.

[15] *See* Interrogatory 9 (docket no. 30-2 at 9-10).

[16] *See* Interrogatory 10 (docket no. 30-2 at 10).

keeping[17] provisions of FLSA. In response, Defendants directed Plaintiff to thousands of pages of production and tax records for Defendants' employees. Defendants argue that this response is sufficient because the records identified "consist of employee time and payment records for numerous employees over a period of about four years."[18] Plaintiff argues that producing these records and inviting Plaintiff to "go fish" for the requested information is not sufficiently responsive.[19] The court agrees with Plaintiff that "Plaintiff cannot reasonably be expected to guess at the facts underlying Defendants' contentions,"[20] particularly where doing so would require Plaintiff to search through thousands of pages and surmise what Defendants deem responsive.

Defendants also object to Plaintiff's use of the word "willfully" in Interrogatories 10 and 11. These Interrogatories ask for the requested information "[i]f [Defendants] contend that Defendants did not willfully violate the" overtime and record-keeping provisions of the FLSA. In their supplemental responses, Defendants maintain that they "did not willfully violate any provision of the" FLSA, and declined to answer Interrogatories 10 and 11 on this basis, other than to direct Plaintiff to the aforementioned production. Plaintiff offered to strike the word "willfully" from these interrogatories, but Defendants have not further supplemented their responses.[21] The court is not persuaded by Defendants' objection to the willfulness language in

---

[17] *See* Interrogatory 11 (docket no. 30-2 at 10).

[18] Docket no. 37 at 5.

[19] Docket no. 36 at 9.

[20] *Id*. at 10.

[21] *See* docket no. 30-8 at 3.

Interrogatories 10 and 11 as a basis to refuse to provide the information requested. Interrogatories 10 and 11 request information if it is Defendants' contention that they did not willfully violate provisions of the FSLA. Defendants expressly state that it is their contention that they did not willfully violate any provision of the FSLA. The court fails to see how this contention prevents Defendants from answering Interrogatories 10 and 11 as propounded.

For the foregoing reasons, with respect to Interrogatories 9, 10, and 11, Plaintiff's Motion is granted. Within thirty (30) days of the date of this order, Defendants shall fully respond to Interrogatories 9, 10, and 11 as requested in Plaintiff's first set of discovery requests.

## II. Requests for Admission

Plaintiffs also request an order deeming admitted all of Plaintiff's Requests for Admission in the first set of discovery requests. The amended scheduling order entered in this case on October 23, 2017 (the "Scheduling Order")[22] permits the parties to propound twenty-five (25) requests for admission ("Requests for Admission"). Plaintiff propounded ten numbered Requests for Admission.[23] Defendants objected to the Requests for Admission as improperly compound. Therefore, they elected to only partially answer Request for Admission 1. Request for Admission 1 asked Defendants to admit that each of the 133 individuals named on Exhibit A to Plaintiff's complaint was an employee of Defendants during the investigation period.[24]

---

[22] *See* docket no. 29.

[23] *See* docket no. 30-2 at 11-13.

[24] *See id.* at 11.

Defendants answered only for the first twenty-five individuals named,[25] arguing that "each individual at issue is its own discrete or separate question of fact."[26]

In the absence of a complete response to Plaintiff's Request for Admission 1, Plaintiff included in its Rule 30(b)(6) deposition notice the following topic: "Every individual who worked for, and/or on behalf of [Defendants], directly or indirectly, including but not limited to his/her name, address, phone number, job title, duties, work performed, date(s) of employment, rate(s) of pay, amount(s) paid, supervisor(s), and all electronic and/or paper documents which contain said information" from April 2012 to the present.[27] Defendants objected to this topic as "amounting to a memory test."[28]

Having failed to give a complete response to Request for Admission 1, Defendants declined to answer all nine of the remaining Requests for Admission. The Defendants reasoned that they had – by their own calculation – already answered the first twenty-five requests, and therefore, the remaining requests exceeded the number of allowable requests.[29] Defendants also objected to Requests for Admission 7, 8, and 10 because they are compound, and by Defendants' calculation exceeded the number of allowable requests.[30] Defendants have never answered any

---

[25] *See* docket no. 30-3 at 17-19.

[26] Docket no. 37 at 2.

[27] Docket no. 40-1 at 4-5.

[28] Docket no. 40 at 3.

[29] *See* docket no. 30-3 at 19-24.

[30] *See* docket no. 37 at 2-3.

of the nine remaining Requests for Admission, including those requests which they do not contend are compound.

"Whether [Defendants'] method to objecting to [Plaintiff's] requests for [admission] was proper is debatable. There is case law to suggest that answering some but not all of [Plaintiff's] requests . . . may result in [Defendants] waiving [their] objection that [Plaintiff] exceeded the discovery order's numerical limitation." *United States v. Talmage*, No. 1:16-cv-19-DN-PMW, 2017 WL 2483797, at *2 (D. Utah June 8, 2017) (citing *Allahverdi v. Regents of Univ. of New Mexico*, 228 F.R.D. 696, 698 (D.N.M. 2005)). On the other hand, "there is case law suggesting that the proper method for challenging a party's excessive discovery requests is to answer the requests chronologically until the allotted number is exhausted." *Id*. (citing *Avila v. Mohave Cty.*, No. 3:14–cv–8124–HRH, 2015 WL 6660187, at *9 (D. Ariz. Nov. 2, 2015)). In view of this split in the case law, there appears to this court no clear answer as to whether Defendants' objection method was proper.

However, this court views Defendants' refusal to answer any of the remaining nine Requests for Admission, their partial answer to Request for Admission 1, and their objection to the 30(b)(6) deposition topic as maneuvers designed to avoid the production of discoverable information. Such gamesmanship is not consistent with the Federal Rules of Civil Procedure. As it has done before, this court again declines to "enter the fray regarding specifically how many" Requests for Admission Plaintiff has served "or determin[e] what would be considered [Plaintiff's] 'first' 25" Requests for Admission. *Talmage*, 2017 WL 2483797, at *3. Instead, the court orders Defendants to fully answer all of Plaintiff's Requests for Admission within thirty (30) days of the date of this order. If Defendants fail to fully answer all of the Requests for

Admission propounded in Plaintiff's first set of discovery requests within thirty (30) days, they will be deemed admitted.

### III. Waiver of Privileges

Third, Plaintiff requests an order deeming any privileges asserted in Defendants' responses to Plaintiff's first set of discovery requests waived. Defendants asserted attorney-client and work-product privileges in their responses to Interrogatories 2, 3, and 8–11.[31] However, Defendants did not provide a privilege log identifying the information being withheld on the basis of the asserted privileges. For this reason, Plaintiff argues that Defendants have waived the attorney-client and work-product privileges as to those Interrogatories. Defendants, for their part, assert that although they "are aware of their obligation to provide a privilege log pursuant to" Rule 26 of the Federal Rules of Procedure, they did not provide a privilege log because "there are no responsive documents or information that has been withheld on privilege grounds."[32]

Rule 26(b)(5)(A) provides that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged . . . the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed." Fed. R. Civ. P. 26(b)(5)(A). This court is not persuaded by Plaintiff's argument that Defendants' asserted attorney-client and work-product privileges have been waived. Nevertheless, the rule does not contemplate the assertion of privileges where no privileged information exists or is being withheld. Accordingly, the court orders Defendants, within thirty (30) days of the date of this order, to:

---

[31] *See* docket no. 30-3 at 7, 14-16.

[32] Docket no. 37 at 4.

1. produce a privilege log in compliance with Rule 36(b)(5)(A), to the extent any privileged information exists and is being withheld on the basis of the asserted privileges; or,

2. if no such documents or information exist, the Defendants shall produce a declaration certifying that no privileged responsive information exists, and withdraw their assertion of attorney-client and work-product privileges.

### IV. Extension of Fact Discovery

Finally, Plaintiff seeks an order extending the fact discovery deadline forty-five (45) days from the date Defendants serve their complete written discovery responses to allow Plaintiff to prepare for depositions of Defendants' witnesses. Defendants do not address this request in their opposition or response memoranda. The court finds this request reasonable, given the amount and scope of discovery the court has ordered the Defendants to produce in this order. Accordingly, Plaintiff's request for an extension of the fact discovery deadline is granted.

### CONCLUSION

Based on the foregoing, the Motion is hereby **GRANTED IN PART and DENIED IN PART**, consistent with this order. In summary, Defendants are hereby **ORDERED** to, within thirty (30) days of the date of this order:

1. fully respond to Interrogatories 1, 2, 9, 10, and 11, providing all information as requested in Plaintiff's first set of discovery requests; and,

2. produce a privilege log in compliance with Rule 36(b)(5)(A), or produce a declaration certifying that no privileged responsive documents or information exists, and withdraw their assertion of attorney-client and work-product privileges.

It is hereby further **ORDERED** that fact discovery is extended forty-five (45) days after Defendants serve their complete written discovery responses. After the complete written discovery as ordered herein has been served, either party shall file a motion notifying the court of the date of service, and moving the court to amend the scheduling order in accordance with that order.

As a final note, the court reminds counsel of their obligations under Federal Rules of Civil procedure Rule 26(b)(1) and Rule 1. As the parties are well aware, Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Moreover, Rule 1 requires the court and the parties to "construe[], administer[], and employ[]" the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

The court expects the parties to comply with both the letter and the spirit of these rules. Discovery is not a game. Rather, cooperation in early discovery disclosures and good faith discovery practices fulfill the parties' obligation to secure the speedy and inexpensive determination of this action. Failure to do so only multiplies the time and expense required of both the parties and the court, and is not consistent with Rule 1.

**IT IS SO ORDERED.**

**DATED** this 25th day of June, 2018.

BY THE COURT:

_____
PAUL M. WARNER
Chief United States Magistrate Judge